REGAN, Judge.
Plaintiff, Rodolph E. Hardouin, Sr., engaged in the- business of residential construction, having constructéd a residence for A. R. -Pradillo, instituted this suit against Pradillo ■ to recover the sum of $540.19, representing a balance of $400 due on the contract price plus $140.19 for extra work and material not included in the original contract.
■ Defendant answered admitting that he was' indebted to plaintiff in the sum of $276.54 and had made- a legal tender thereof which had been rejected.
Froth'a judgment in favor of the plaintiff in the sum of $276.54 and against the defendant ordering both parties to assume their respective costs of court, plaintiff prosecutes this appeal:
The record reveals that on August 21, 1-948, plaintiff and. defendant entered, into a written, contract for. the construction of a residence for. the plaintiff in William Davis Parkway, for ■ the sum of $11,000, and it was mutually agreed that the same *106 plans and specifications bearing the No. 4806, (copy of which appears in the record) which were used by plaintiff in the construction of a certain residence for Mr. and Mrs. O. L. Tremoulet, subject to several changes in the specifications which are unimportant in our consideration of the issues herein involved, wo'uld be used for the construction of defendant’s residence. The residence in question was completed by the plaintiff hut not formally accepted although occupied prematurely through necessity by the defendant, and sometime thereafter plaintiff brought ' this suit for $540.19, which represents, according to his contention, a balance of $400 due on the contract; $78.65 for the furnishing, installation and painting of a sixteen foot S Scroll railing and $61.54.for electrical fixtures.
Defendant admits that $400 was due as a balance on the contract and that he owed the sum of $61.54 for extra electrical work and fixtures, but denies that he is indebted to the'plaintiff in the sum of $78.65 for the S Scroll railing. Defendant maintains that plaintiff breached his contract when he' installed' bronze or copper screens rather than aluminum as specified in the contract and that the cost of replacing these screens will'amount-to the .sum of $150; and in addition, thereto, he maintains that the sum of $35 ■ should- be deducted from the balance owed -plaintiff in view -of the fact that plaintiff further breached -his contract in substituting pine for oak flooring in a locker or cabinet under the stairway of defendant’s residence.
A careful analysis of the record reflects that the only questions posed for our consideration are ones of fact, namely, whether the plaintiff is entitled to recover $78.65 for the S Scroll railing as an extra, and whether defendant is entitled to deduct the sum of $185 representing the cost of replacing the bronze or copper screens with aluminum screens and the pine flooring with oak flooring as specified in the building contract.
With respect to the S Scroll railing, it is our opinion that plaintiff is entitled to the sum of $78.65 as an extra, in view of the fact that the building contract omits any mention of the furnishing, installation and painting of an S Scroll qr any other railing around the porch or steps of defendant’s residence.
Plaintiff admits that the building contract specified the installation of aluminum screening, however, he contends that when the construction of the residence had progressed to a point necessitating the installation of the said screening, -that the aluminum screen was not procurable at that time, and that in place thereof he furnished bronze or copper screening and that defendant acquiesced therein. The testimony adduced in the trial court does not bear. out or substantiate -plaintiff’s contention. Defendant testified that he, on the assurance -of plaintiff, agreed to this substitution provided “they would not run” on the window sills and woodwork. The record shows that the screens did. “run all over the sills”. There appears in the record a letter, under date of January 4, 1949, written by the defendant to the plaintiff, which further indicates that defendant did not accept the substitution of the screens as plaintiff contends, and which reads in part as follows: “The screens on the entire house are made -of either brass or copper, and the specifications call for aluminum, and therefore, the screens are subject to turn a rust color in the next month or so. This being the case it will be necessary for you to replace the screens with aluminum screens, which should have been done in the first place.”
We are, therefore, of the opinion that defendant is entitled to deduct the sum of $150 for the purpose of replacing the bronze or copper screens with aluminum screens as specified in the contract.
Plaintiff admits that the contract specified the installation of oak flooring in the locker by the cabinet under the stairway of the defendant’s residence, but contends that during the process of constructing the residence that the locker or cabinet was enlarged and that defendant had acquiesced in the substitution of pine flooring covering the floor of the enlarged portion of the locker. This is vehemently denied by the defendant and, in view of *107 the fact that the building contract calls, for the installation''of No. 1 common red oak flooring' throughout the house, with the exception of the kitchen, we áre of the opinion that defendant should be entitled' to deduct the sum of $35’ from the balance du.e and owing to plaintiff. "There is evidence in the record thktreplaceóienbpf this flooring will'cost in excess of $35, dr about $60, however, defendant, by virtue'of, his-pleadings, has limited his deduction on this item to the sum of $35.
For the reasons assigned the judgment appealed from is amended by increasing the amount thereof from $276.54 to $355.* 19 and, as thus amended, it is’ affirmed.
Amended and affirmed.